UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VANTAGE HOSPITALITY GROUP, INC.,
f/k/a, BEST VALUE INN BRAND
MEMBERSHIP, INC.

      Plaintiff,

                                                       Case Number 06-15364-BC
v.                                                       Honorable Thomas L. Ludington

THE WATERBURY GROUP, INC., d/b/a
THE ROYAL CREST INN,

      Defendant.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

Presently before the Court is the plaintiff's motion for default judgment under Federal Rule of Civil Procedure 55(b).  The plaintiff initiated this action on December 1, 2006 alleging violations of the Lahnam Act, 15 U.S.C. § 1051 *et seq*.  On February 15, 2007, the Clerk of this Court entered a default because the defendant otherwise failed to plead or defend the action as set forth under Federal Rule of Civil Procedure 55(a).  The plaintiff believes it is entitled to a sum certain.

Rule 55(b) provides:

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served

with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

In this case, the plaintiff has sought the sum of $65,310.97. However, as part of the relief requested, it has asked for $13,600.00 in attorney fees. After reviewing the plaintiff's submissions, the Court is not prepared to grant the motion on the basis of a sum certain because the plaintiff has not demonstrated why the amount of attorney fees it seeks is reasonable based on the level of experience of its attorneys, the usual and customary hourly rate charged in the locality, and the number of hours expended. The Court therefore will direct the plaintiff to file a supplementary brief in support of its request for attorneys fees.

Accordingly, it is **ORDERED** that the plaintiff shall file a supplemental brief in support of its request for attorneys fees including affidavits and additional support for the Court to properly adjudicate the plaintiff's motion. The plaintiff shall file its supplemental brief on or before **April 9, 2007**.

It is further **ORDERED** that the plaintiff shall cause a copy of this order to be personally served on the defendant.

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: March 21, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2007.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS