UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VANTAGE HOSPITALITY GROUP, INC.,
*f/k/a Best Value Inn Brand Membership, Inc.*,

                Plaintiff,

v.

                Case Number 06-15364
                Honorable Thomas L. Ludington

THE WATERBURY GROUP, INC., *d/b/a*
*Royal Crest Inn,*

                Defendant.
                                                    /

## **ORDER FOR JOHN KRESS TO SHOW CAUSE WHY MOTION TO DISMISS CASE SHOULD NOT BE STRICKEN, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ENTRY OF BENCH WARRANT, AND VACATING JANUARY 2, 2008 ORDER TO SHOW CAUSE**

This matter comes before the Court in an unusual procedural posture. On December 1, 2008, Plaintiff Vantage Hospitality Group, Inc. ("Plaintiff") filed a complaint alleging that Defendant Waterbury Group, Inc. ("Defendant") breached a brand agreement to use Plaintiff's "Best Value Inn" or "Best Value" marks. Plaintiff alleged claims for violation of the Lanham Act, 15 U.S.C. § 1125(a), breach of contract, violation of Michigan's Consumer Protection Act, Mich. Comp. Laws § 445.901, and intentional interference with prospective business relationship against Defendant. Defendant did not answer the complaint. On February 15, 2007, the Clerk entered a default in favor of Plaintiff. Dkt. # 8. Plaintiff then moved for default judgment, which the Court granted on June 28, 2007. Dkt. # 18. The default judgment, entered on the same day, ordered Defendant, inter alia, to pay damages in the amount of $66,278.63 and costs and expenses.

On November 27, 2007, Plaintiff's counsel issued a subpoena commanding Defendant's president, John Kress ("Kress"), to appear for a creditor's exam on December 14, 2007. On

December 18, 2007, Plaintiff moved for an order to show cause why the Court should not issue a bench warrant for John Kress's appearance. Dkt. # 44. Apparently, Kress failed to appear at the creditor's exam. On January 2, 2008, the Court granted the motion and issued the order to show cause. The order directed Plaintiff to serve the motion and the order on Kress on or before January 18, 2008. Kress was directed to respond to the show cause order on or before February 1, 2008.

Sometime after February 1, 2008, Kress sent a letter to the Court contending that he never received the subpoena or the order to show cause. He believed that Plaintiff had served both via mail to an incorrect address. The Court forwarded the letter via U.S. mail to Plaintiff's counsel, so that Plaintiff could address the issue.

On April 25, 2008, Kress, acting as an interested party, filed a "motion to dismiss case" on Defendant's behalf. Kress requests that the Court dismiss the case because Defendant is judgment proof and is no longer operating. Although Kress's motion to dismiss is flawed for multiple reasons, Kress, as an initial matter, has raised a concern relating to proper service of the subpoena.

Federal Rule of Civil Procedure 45 provides the framework for the issuance and enforcement of subpoenas. A party is required to file a certified proof of service with the Court, describing the date and manner of service. Fed. R. Civ. P. 45(b)(4). The Court retains the authority to hold a person in contempt for failure to comply with a subpoena. Fed. R. Civ. P. 45(e). Plaintiff's motion asserts that Kress was properly served, but Plaintiff did not include a certificate of service with the motion. Dkt. # 44. In such an instance, where the Court considers holding a witness in contempt, it is important that he or she has been provided notice. Kress asserts that he was never served and Plaintiff did not demonstrate that it did so. It was premature to issue the order to show cause without confirmation that the subpoena had, in fact, been properly served. Thus, the Court will deny

Plaintiff's motion for a bench warrant without prejudice and vacate the outstanding order to show cause.

Additionally, Kress, a self-titled "interested party," filed a motion to dismiss on behalf of Defendant. A corporation or other business entity can only appear in federal court through an attorney, not through a non-attorney, corporate officer appearing pro se. *Harris v. Akron Dept. of Public Health,* 10 Fed. Appx. 316, 319 (6th Cir. 2001); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (stating "[i]t has been the law for the better part of two centuries that a corporation may appear in the federal courts only through licensed counsel") (citation omitted). Kress, as a non-party, is unable to bring a pro se motion on behalf of Defendant, a corporation. The Court will order Kress to show cause why the motion should not be stricken.

Accordingly, it is **ORDERED** that the Court's order for John Kress to show cause why bench warrant should not enter [Dkt. # 45], issued on January 2, 2008, is **VACATED**.

It is further **ORDERED** that Plaintiff's motion for an order to show cause [Dkt. # 44] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that John Kress, interested party, is ordered to show cause why the "motion to dismiss case" [Dkt. # 47], filed on April 25, 2008, should not be stricken **on or before July 28, 2008**. Kress shall answer the order by filing a written brief with the Clerk's Office.

                                       s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

Dated: July 7, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 7, 2008.

                                            s/Tracy A. Jacobs
                                            TRACY A. JACOBS